Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael S. Kanne<br>Terence T. Evans<br>Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50376 | **DATE** | 1/10/2003 |
| **CASE TITLE** | CAMPUZANO vs. ILLINOIS STATE BOARD OF ELECTIONS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, LULAC and AAWG's petition for attorneys' fees and costs is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JAN 10 2002 | |
| | Notified counsel by telephone. | date docketed | 132 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-10-03 | |
| /SEC6 | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials ow |

03 JAN 10 PM 4:03 FILED-WD
U.S. DISTRICT COURT CLERK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

YOLANDA CAMPUZANO, ARMANDO )
CARDENAS, GUDALUPE GARCIA, )
WILLIE JORDAN, JR., DAVID WINTERS, )
PATRICIA REID LINDNER, J. BRADLEY )
BURZYNSKI, FRANK CANO, JESSE )
JUAREZ, ELIGIO MARIN, LOURDES )
MONTEAGUDO, registered voters and )
Illinois citizens, and the ILLINOIS )
REPUBLICAN PARTY, )
)
        Plaintiffs, )  No. 01 C 50376
)
    v. )
)  Judges Michael S. Kanne,
ILLINOIS STATE BOARD OF ELECTIONS, )  Terence T. Evans, and
RONALD D. MICHAELSON, in his )  Philip G. Reinhard
official capacity as Executive )
Director of the Illinois State )
Board of Elections, and TOM CROSS, )
THOMAS MCCRACKEN, WALTER DUDYCZ, )
THOMAS MARCUCCI, BARBARA FLYNN )
CURRIE, VINCE DEMUZIO, RAYMOND )
EWELL, JORGE RAMIREZ, and MICHAEL )
BILANDIC, all in their official )
capacities as members of the )
Illinois Redistricting Commission, )
)
        Defendants. )

### ORDER

This order addresses a petition for attorneys' fees and costs filed by two defendant-intervenors, the League of United Latin American Citizens ("LULAC") and the African-American Working Group on Reapportionment ("AAWG"). The court assumes familiarity with its previous opinion in deciding the merits of the plaintiffs' claim under § 2 of the Voting Rights Act of 1964, 42 U.S.C. § 1973, see Campuzano v. Illinois State Board of

Elections, 200 F. Supp. 2d 905 (N.D. Ill. 2002), and will repeat only those facts relevant to the present motion. Suffice it to say that, in the end, the three-judge panel assigned to this case dismissed all portions of the plaintiffs' complaint other than those that the plaintiffs had voluntarily dismissed or affirmatively abandoned.

As prevailing defendant-intervenors, LULAC and AAWG now seek an award of their attorneys' fees and costs pursuant to 42 U.S.C. §§ 1973l(e), 1988. They make a somewhat novel argument that the original, named defendants — the Illinois State Board of Elections, its executive director, and the nine members of Illinois' Legislative Redistricting Commission (collectively referred to as the "State defendants") — and not the losing plaintiffs should pay for this award. This is because, in their words, the Illinois Attorney General, who represented the State defendants,[1] "did nothing to defend Illinois' redistricting plan" from the plaintiffs' attack and even aligned the State defendants with the plaintiffs in part by agreeing that the plan violated the voting rights of African-Americans, while still denying that it violated the voting rights of Latinos. By thus abdicating "his duty to defend" the redistricting plan, LULAC and AAWG argue

---

[1] To be clear, the Attorney General represented the individual State defendants solely in their official capacities. Five of the individual State defendants, along with several other private parties, actually intervened — as defendants — as private citizens and registered voters, and retained their own counsel, who represented them at trial as defendant-intervenors.

the Attorney General forced them "to shoulder the costs and legal fees associated with defending the merits of the plan."

In support of this theory, LULAC and AAWG rely exclusively on a recent opinion by Judge David H. Coar of the Northern District of Illinois in King v. State Board of Elections, No. 95 C 827, 2002 WL 221606 (N.D. Ill. Feb. 11, 2002). King, however, is distinguishable on its facts and, even if were not, the court would not arrive at the same result. In King, the plaintiff sued the Illinois State Board of Elections to challenge the constitutionality of a certain majority-Hispanic legislative district created as a result of an earlier lawsuit brought under the Voting Rights Act. Some of the plaintiffs in that earlier lawsuit then intervened as defendants in King to defend the district at issue. After ruling against King on the merits, Judge Coar held the defendant-intervenors could obtain an award of fees and costs from the State as a co-defendant under §§ 1973l(e) and 1988. In doing so, Judge Coar seemed to rely on two principal considerations. First, he noted the State "refused to defend vigorously [the] constitutionally required map against King's challenge," "played a nominal part throughout the lengthy litigation," and "passively awaited the outcome" while "the intervenors carried the weight of the defense." Id. at *1, *3, *4, *5. That rather accurately describes what the State defendants in the present case did. But Judge Coar also repeatedly emphasized the "unique procedural history" of the case

before him by observing that the defendant-intervenors in <u>King</u> "actually took on the role of the traditional civil rights plaintiff" as they were the ones who had originally "brought charges of civil rights violations, convinced the court to rectify this violation in [the earlier law suit], and, in the present case preserved the rights they had asserted." <u>Id.</u> at *3, *4, *6.

Unlike <u>King</u>, there is nothing "unique" or "unusual" about the procedural history of this case that would justify recasting LULAC and AAWG as traditional civil rights plaintiffs. They most certainly were not enforcing any rights they had secured in a prior law suit. Instead, this case was a fresh attack on a brand new redistricting map. While the plaintiffs challenged the map because they believed it violated the Voting Rights Act and the federal constitution, LULAC and AAWG, among others, intervened to defend it because they believed it complied with federal law just the way it was. Period. As there was nothing special about this case to make one think LULAC or AAWG had "really" played the role of a traditional civil rights plaintiff, that portion of the court's rationale in <u>King</u> thus does not apply in this case.

In many ways, the present case more closely resembles what happened in <u>League of United Latin American Citizens Council v. Clements</u>, 923 F.2d 365 (5th Cir. 1991), and the court agrees with both the reasoning and outcome in that case. In <u>Clements</u>, the plaintiffs sued the state of Texas, claiming that the election of

state district judges diluted the votes of blacks and Hispanics in violation of the Voting Rights Act and the U.S. Constitution. Judge Sharolyn Wood, a sitting district judge, intervened in the law suit as a defendant. After the State and Judge Wood received a favorable ruling on appeal, Judge Wood sought an award of attorneys' fees against the State by "insist[ing] the Texas attorney general could not have won the case without her and that he did not adequately defend her interests or properly perform his official duties." Id. at 368-69. Assuming all of this as true, the court nevertheless denied Judge Wood's request to recover fees against Texas under § 1973*l*(e) and § 1988 "for [the attorney general's] asserted inadequacy." Id. at 369. It observed that, although the Supreme Court in Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754 (1989), used equity considerations to limit the liability of a defendant-intervenor, as opposed to a named defendant, for a prevailing plaintiff's attorneys' fees, "the Court has never held or so much as insinuated that such considerations extend to imposing a prevailing intervenor's expenses upon a prevailing named defendant." Clements, 923 F.2d at 368. The court also explained that, even if there are times when it is appropriate to "look beyond the procedural posture of a case to a party's actual role," such as in a declaratory judgment action, it would not matter because "Judge Wood participated in all ways as one defending against a civil rights claim and not as one seeking to

-5-

establish and rectify a violation of civil rights." Id. The same is equally true of LULAC and AAWG in this case: both of these parties intervened as defendants "disputing civil rights violations, not as one[s] asserting such violations." Id. at 368 n.3.

This court recognizes that the U.S. Court of Appeals for the Third Circuit in Pennsylvania v. Flaherty, 40 F.3d 57 (3d Cir. 1994), a case upon which Judge Coar heavily relied in King, suggested a prevailing defendant-intervenor could receive an award of attorneys' fees against the named defendant under § 1988 when the named defendant "failed to challenge a legally questionable preliminary injunction, and allowed it to remain in effect for over fifteen years." Id. at 62. This statement, however, was dictum and supported by little analysis. As such, this court has found no persuasive authority to force a prevailing but derelict named defendant to pay the attorneys' fees of a defendant-intervenor under a federal fee-shifting statute. In the absence of such authority, this court declines to tread into what were, before King, uncharted waters "with no controlling precedent to serve as guideposts." King, 2002 WL 221606, at *7.

The court also refuses to entertain LULAC and AAWG's alternative theory of recovering attorneys' fees and costs from the State defendants under a state law claim for *quantum meruit*. As the court sees it, this is effectively a separate cause of

action against the state of Illinois. LULAC and AAWG, however, have merely asserted this theory in their motion; they have not filed any amended complaint to allege such a claim. And even if they did, the court would refuse to exercise supplemental jurisdiction over it because all of the federal causes of action have long since been dismissed from this law suit. See 28 U.S.C. § 1367(c)(3).

For the reasons stated above, LULAC and AAWG's petition for attorneys' fees and costs is denied.

E N T E R :

_____
MICHAEL S. KANNE, CIRCUIT JUDGE

_____
TERENCE T. EVANS, CIRCUIT JUDGE

_____
PHILIP G. REINHARD, DISTRICT JUDGE

DATED: January 10, 2003

TOTAL P.01